Glenn W. Rhodes (SBN 177869)
rhodesg@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Jesse D. Mulholland (SBN 222393)
mulhollandj@howrey.com
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

Attorneys for Defendants
YUNG SHIN PHARMACEUTICALS INDUSTRIAL
CO. LTD., CARLSBAD TECHNOLOGY, INC.,
YUNG ZIP CHEMICAL CO. LTD., FANG-YU LEE
AND CHE-MING TENG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HIF BIO, INC., a California corporation, BIZBIOTECH CO. LTD., a corporation organized under the laws of the Republic of Korea,<br><br>Plaintiffs,<br><br>vs.<br><br>YUNG SHIN PHARMACEUTICALS INDUSTRIAL CO. LTD., a corporation organized under the laws of Taiwan, d/b/a YUNG SHIN PHARMACEUTICALS, d/b/a YUNG SHIN PHARM. IND. CO., LTD.; CARLSBAD TECHNOLOGY, INC., a California corporation; YUNG ZIP CHEMICAL CO., LTD., a corporation organized under the laws of Taiwan; FISH & RICHARDSON P.C., a professional corporation of unknown nature; FANG-YU LEE, an individual; CHE-MING TENG, an individual; Y. ROCKY TSAO, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 05-7976-DDP<br><br>Formerly Superior Court Case No. BC340468<br><br>**CARLSBAD TECHNOLOGY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF COURT ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**<br><br>Date: December 13, 2010<br>Time: 10:00 a.m.<br>Ctrm: Courtroom 3<br>Judge: Hon. Dean D. Pregerson |

## I. INTRODUCTION

Defendant Carlsbad Technology Inc. ("CTI") respectfully requests that the Court reconsider its order declining to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims. The Court issued its order (Docket No. 129), on October 22, 2010, four days after dismissing CTI's complaint against Plaintiffs for declaratory judgment of inventorship of the U.S. Patent 7,166,293 (the "'293 patent") for lack of subject matter jurisdiction. Declaration of Jesse D. Mulholland in Support of Carlsbad Technology, Inc.'s Motion for Reconsideration of Court Order Declining to Exercise Supplemental Jurisdiction ("Mulholland Decl.") at Exhibit 1. That is, the Court declined to exercise supplemental jurisdiction when the only pending claims between the parties were Plaintiffs' state law claims.

CTI has since filed a Motion to File a First Amended Complaint with the Court, alleging facts sufficient to demonstrate federal subject matter jurisdiction. Mulholland Decl. at Exhibit 2. CTI alleges a declaratory claim for validity and enforceability of the '293 patent. Plaintiffs, in their First Amended Complaint ("FAC"), challenged the validity of the '293 patent by alleging that CTI had committed fraud on the PTO. Specifically, Plaintiffs contend that the declaration CTI submitted to the PTO in connection with its patent applications under 35 U.S.C. §115 is false because Che Ming Teng ("Teng") and Fang Yu Lee ("Lee") stated that they are the true and original inventors of the subject matter of the U.S. Patent Application Serial No. 10/147,445 ("the '445 patent application") (now issued as the '293 patent) while omitting the names of alleged inventors JongWan Park ("Park") and YangSook Chun ("Chun"). *See* Docket No. 18 at FAC ¶¶ 47(c), 48, 57, 61, 74, 86, and Exs. A-C. Plaintiffs cannot dispute that CTI's declaratory claim for validity and enforceability of the '293 patent satisfies the subject matter jurisdiction of this Court.

Moreover, Plaintiffs continue to allege that their "Invention" may eventually be found to be the same or equivalent to those invention(s) ultimately claimed by and allowed in the '293 Patent and that "the true discoverers of the Invention" may be found

to be the joint or co-inventors, or even sole inventors, of the inventions ultimately allowed in the '293 Patent. Defendants' allegations, both express and implied, have raised a definite and concrete legal dispute between the parties as to the original conception of and reduction to practice of inventions related to the use of YC-1 in the treatment of angiogenesis-related disorders, including cancer. CTI is in the undesirable position of having to decide between investing millions of dollars in the further development and commercialization of YC-1and its analogues for anti-cancer and anti-angiogenesis therapeutic applications, or risk the threat of future substantial damages, injunctive relief, and the inability to maintain its right to exclude others, including Plaintiffs, through the continued acquisition and enforcement of its patent rights with respect to the use of YC-1 and its analogues in anti-angiogenesis and anti-cancer therapeutic applications. Plaintiffs' allegations of inequitable conduct in procuring the '293 patent threaten the validity and enforceability of the '293 patent.

As a result of the Court's refusal to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, the parties will have two pending actions that will be in two different courts unless the Court decides to exercise its discretion to hear this matter in federal court. Remanding the remaining claims to state court will result in both a federal court and a state court attempting to resolve a dispute between parties that is based on the same core of operative facts. The Court's decision to remand the Plaintiffs' remaining claims will prejudice both parties, will potentially result in inconsistent judgments or an incomplete resolution of all issues, and will delay the final resolution of the case. Accordingly, CTI respectfully requests this Court reconsider its decision to exercise supplemental jurisdiction over the remaining claims so that the entire dispute can be heard in one court. If this Court exercises its discretion to retain supplemental jurisdiction in this case, the two pending federal cases could themselves be consolidated into a single federal action.

In *City of Chi v. International College of Surgeons,* the Supreme Court stated that Section 1367(c) "reflects the understanding that, when deciding whether to exercise

supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720, (1988)). *See also United Mine Workers v. Gibbs* 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218, (1966). The jurisdictional inability of the California state court to resolve all disputes between the parties distinguishes this case from the more typical discretionary remand under § 1367.

Federal courts should not decline to exercise subject-matter jurisdiction where there is doubt that the state court can provide a complete and prompt resolution of all issues between the parties. If anything is clear about the parties' pleadings, it is that a state court cannot completely resolve all disputed issues between the parties, especially given that a state court lacks the jurisdiction to resolve CTI's declaratory claim of validity and enforceability of the '293 patent. Plaintiffs cannot dispute that CTI's declaratory judgment action arises under the federal patent laws and is exclusively within federal court jurisdiction.

Plaintiffs' allegation that the Defendants stole their "INVENTION," and filed false declarations with the PTO will likely require the fact finder to determine the actual inventors of the "INVENTION." Thus, the state court judgment would depend on deciding the correct inventor for CTI's patent, which it cannot decide. Therefore, those issues would remain unresolved. This same issue will be decided by CTI's declaratory judgment of validity and enforceability of CTI's patent. As such, issues in the FAC will either remain unresolved or the parties will potentially have two conflicting judgments on the issues of fraud, inventorship, invalidity, and enforceability of the '293 patent.

In similar contexts, federal district courts have abused their discretion in transferring, staying, or dismissing a case within their jurisdiction in favor of another case (state or federal) that cannot resolve all issues between all parties, could not

1  provide complete relief, or would result in piecemeal litigation.[1]  CTI's declaratory
2  judgment action is directly related and dependent on Plaintiffs' claims in the FAC.
3       Because only a federal court has the ability to resolve all asserted issues in a
4  single litigation with no waste of judicial resources, no duplication of effort, and no
5  overlap of issues, this Court should use its discretion to exercise supplemental
6  jurisdiction under § 1367.

## II.  CONCLUSION

     CTI desires a prompt and complete resolution of all claims between the parties *in one Court*.  Unless this Court exercises supplemental jurisdiction, that will not happen.  Accordingly, based on the foregoing facts and law, CTI respectfully requests this Court exercise supplemental jurisdiction over Plaintiffs' claims so as to allow the entire controversy between the parties to be resolved in a single federal court action.

Dated:  November 12, 2010

HOWREY LLP
GLENN W. RHODES
JESSE D. MULHOLLAND


By:  /s/ Jesse D. Mulholland
    Jesse D. Mulholland
    Attorneys for Defendants
    YUNG SHIN PHARMACEUTICALS INDUSTRIAL CO. LTD., CARLSBAD TECHNOLOGY, INC., YUNG ZIP CHEMICAL CO. LTD., FANG-YU LEE AND CHE-MING TENG

---

[1] *See, e.g.*, *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032-34 (9th Cir. 2005) (a stay under "*Colorado River*" doctrine is appropriate only if federal court has complete confidence that parallel state proceeding will be adequate for complete and prompt resolution of all issues between the parties); *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525-26 (11th Cir. 1984) (stay cannot be upheld where it does not conserve judicial resources or aid in the comprehensive disposition of the litigation where the pending state action is not truly parallel because it does not involve the same issues as the federal case); *United States v. Pikna*, 880 F.2d 1578, 1582-84 (2d Cir. 1989) (abuse of discretion to stay action where substantial doubt exists as to the jurisdiction of state surrogate court's ability to resolve the entire dispute).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-5-

Case No. CV 05-7976-DDP
CTI'S MOITION FOR RECONSIDERATION OF
ORDER DECLINING SUPP. JURISDICTION

DM_US:23505120_1